UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 10-49-KSF

UNITED STATES OF AMERICA                                         PLAINTIFF

v.                                        **OPINION & ORDER**

ROBIN LYNN BURLEY                                                DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the defendant, Robin Lynn Burley, to suppress any and all evidence obtained as a result of a traffic stop on November 18, 2009. Specifically, Burley argues that the evidence should be excluded from the trial of this matter because it was confiscated by police during a traffic stop for which there was no probable cause and the evidence is, thus, the fruit of an illegal seizure. The United States filed a response in opposition to the motion and the Court heard argument on July 2, 2010. At the conclusion of that hearing, the undersigned announced that the Motion to Suppress was denied. The purpose of this Opinion & Order is to supplement the oral findings and conclusions of the Court and to confirm the Order.

**I.　FACTUAL BACKGROUND**

Based on the testimony provided at the hearing, the Court finds the facts to be as set forth below.

On November 18, 2009, Lexington Metro Police Detective Kevin Duane was in the Toys R Us store meeting with the store manager about another issue when he observed Burley enter the store and inquire as to the location of gift cards. Detective Duane also observed two black men watching

Burley and, based on his experience and training in credit card fraud, was suspicious that either Burley was part of criminal activity or was going to be a victim of a crime. Detective Duane asked the store manager to handle her transaction and instructed the manager to verify that the name on the license matched that on the credit card if she paid with a credit card.

After Burley completed her transaction, the manager told Detective Duane that she purchased four gift cards, each valued at $190, with a credit card and that she provided an Ohio driver's license with her picture on it. The name on the license and credit card were "Terry Barlow." Burley left the store and Detective Duane saw her walk to her car and drive it across the parking lot to Bed Bath & Beyond. As she got out of her car and entered Bed Bath & Beyond, Detective Duane thought he saw a passenger exit the car. He also noticed a white SUV with the two men from the Toys R Us in it circling the lot.

While she was in the store, Detective Duane ran Burley's license plate and found that the car was registered to a "Robin Burley" with the same descriptors as the person he saw in Toys R Us presenting an Ohio driver's license with the name "Terry Barlow." Detective Duane called his supervisor, Detective Williams, to ask him to investigate at Bed Bath & Beyond.

After exiting Bed Bath & Beyond, Burley drove towards Nicholasville Road and Detective Duane followed her. Although he believed that he had reasonable suspicion of criminal activity sufficient to stop her, he decided to watch for a traffic violation before he stopped her. When he saw that the Georgia registration plate on her car failed to display the year of expiration, Detective Duane initiated a traffic stop for violation of KRS 186.170, Improper Display of Registration Plates. He called dispatch and asked for back-up.

2

As Detective Duane approached the vehicle, he observed Burley tearing up what appeared to be receipts and throwing them in the floorboard. When he asked for license and registration, the defendant presented a Georgia driver's license and vehicle information in the name of "Robin Lynn Burley". Detective Duane asked Burley about the missing registration sticker. Burley told him that it had recently been stolen and she had not had the chance to put the new sticker on the car. Detective Duane asked Burley to step out of the car while he checked her information. A patrol officer arrived shortly thereafter.

Detective Duane took Burley's information to his car and called the Toys R Us store to verify that the identity information given at the purchase of the gift cards at Toys R Us did not match that given at the traffic stop. He also checked with Detective Williams about her purchases at Bed Bath & Beyond. When he asked Burley about the Toys R Us purchase, she initially denied being in the store and later said that she had forgotten about being there and had used a "friend's" credit card to purchase the gift cards.

Detective Duane says that while he was verifying the defendant's information, he found the new registration sticker amidst her paperwork and put it on the car in the defendant's presence. Burley denies that this occurred.

Burley was subsequently arrested. Search incident to arrest revealed a total of 24 credit cards which appeared to be counterfeit bearing the name of "Terry Barlow," merchandise recently purchased with some of the cards, $6000 in gift cards from various department stores and a Dell laptop computer.

## II. ANALYSIS

Burley argues that the traffic stop and subsequent search were illegal because Detective Duane was incorrect in his belief that the registration sticker was missing from her vehicle. She argues that since there was no basis to believe that she was committing a traffic violation when Detective Duane stopped her vehicle, the stop was illegal and any evidence obtained pursuant to the search must be suppressed. The United States contends that the stop was proper because Detective Duane had probable cause that a traffic violation had occurred. Further, the United States argues that the stop was proper because Detective Duane had reasonable suspicion that Burley was engaged in criminal activity.

The Supreme Court has held that "stopping an automobile and detaining its occupants constitutes a 'seizure' within the meaning of [the Fourth and Fourteenth] Amendments, even though the purpose of the stop is limited and the resulting detention is quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). Police may make an investigative stop when they have probable cause of a civil traffic violation; reasonable suspicion of an ongoing crime, whether felony or misdemeanor; or reasonable suspicion of a completed felony. *Gaddis v. Redford Township*, 364 F.3d 763, 771, n.6 (6th Cir. 2004).

### A. Probable Cause of a Civil Traffic Violation

The Court finds that Detective Duane had probable cause that Burley was committing a civil traffic violation. Burley argues that the stop was improper because the registration sticker was properly displayed at the time of the stop. To support her contention that the sticker was in place at the time of the stop, Burley presented testimony from her father that the car had not been driven since the stop except from Lexington to Pittsburgh, Pennsylvania and testimony from an investigator

4

that the sticker appears to have been subject to more wear and weather than that drive would cause. Detective Duane, however, testified that the registration sticker was missing when he initiated the stop and that he put it on her car during the stop.

Whether the sticker was missing at the time of the stop requires a credibility determination about Detective Duane. There is no reason to believe that Detective Duane is lying or mistaken and the Court finds Detective Duane's testimony credible. Since the sticker was missing at the time of the stop, it is clear that he had probable cause to initiate the traffic stop and the Motion to Suppress should be denied. *See United States v. Bradshaw*, 102 F.3d 204, 210 (6th Cir. 1996).

**B.** **Reasonable Suspicion of Criminal Activity**

The Court also finds that Detective Duane had reasonable suspicion of criminal activity at the time of the stop. Therefore, even if the registration sticker was properly displayed and there was no probable cause that a civil traffic violation had occurred, the stop was proper.

"Reasonable suspicion to stop a vehicle depends on a contextual inquiry that considers, in the well-known phrase 'the totality of the circumstances - the whole picture.'" *Gaddis*, 364 F.3d at 771. Here, the "whole picture" includes Detective Duane's suspicion that two people were either following Burley or participating in criminal activity with her, his observations of Burley's purchase of gift cards in odd amounts, the Ohio driver's license presented in Toys R Us, the Georgia registration on the car, the variance between the name on the credit card and identification presented at Toys R Us and the name on the car's registration, the descriptors of "Robin Burley" to whom the car was registered matching the person presenting a credit card, and Ohio identification of "Terry Barlow." While there may be innocent explanations for these facts, they contribute to the overall

5

picture and, taken together, these facts establish reasonable suspicion of credit card fraud, and an investigatory stop was justified.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that the defendant's Motion to Suppress [DE 11] is **DENIED**.

This July 6, 2010.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**